**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4006**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CORDARIO ARTEZ CROWDER, a/k/a Tony Crowder,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:19-00027-GMG-RWT-1)

Submitted:  September 22, 2020          Decided:  September 24, 2020

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Kimberly DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cordario Crowder pled guilty, pursuant to a written plea agreement, to conspiracy to commit false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 371, 922(a)(6). The district court sentenced Crowder to 60 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal and reviewing the relevant proceedings. Although notified of his right to do, Crowder has not filed a pro se supplemental brief. The Government declined to file a brief and did not move to enforce the appellate waiver in Crowder's plea agreement.[*] We affirm the district court's judgment.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *Williams*, 811 F.3d at 622; *see also United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991). Our review

_____

[*] Because the Government has not moved to enforce the appellate waiver, we can conduct a full review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

of the record establishes that the magistrate judge conducted a thorough and complete Rule 11 colloquy and that Crowder's guilty plea was knowing and voluntary.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id.* If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

At sentencing, the district court adopted Crowder's correctly calculated advisory Guidelines range, provided an opportunity for the parties to argue for an appropriate sentence, and afforded Crowder an opportunity to allocute. The court heard and considered but ultimately rejected counsel's arguments for a downward departure in light of Crowder's extensive criminal history. Finally, in explaining the sentence, the court weighed the 18 U.S.C. § 3553(a) factors it deemed most relevant, particularly Crowder's personal history, the serious nature of the offense, and the protection of the public from further crimes. We conclude that Crowder has failed to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence. Thus, Crowder's sentence is procedurally and substantively reasonable.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. We deny counsel's motion to withdraw at this juncture. This court requires that counsel inform Crowder, in writing, of the right to petition the Supreme Court of the United States for further review. If Crowder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crowder.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*